IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANICE G., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 4:25-cv-368-P-BN |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case filed under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Mark T. Pittman.

And Judge Pittman has accepted the undersigned's recommendation that the Court reverse and remand this case for further administrative proceedings. *See* Dkt. Nos. 24-26.

Plaintiff is therefore entitled to reasonable attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*.

Consistent with the Court's July 27, 2026 order [Dkt. No. 27], Plaintiff filed an unopposed motion for an award of attorneys' fees under the EAJA [Dkt. No. 28].

Under the EAJA, the Court must award attorneys' fees and expenses, if incurred, where: (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances

that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).

A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

And any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff is the prevailing party for the EAJA's purposes; the Commissioner has not carried the burden of proving substantial justification, and no special circumstances make an award unjust.

And the fees requested are reasonable considering that they are comprised of an appropriate hourly rate for the work performed and the results achieved, as reflected by counsel's time records and confirmed by the Commissioner's agreement to the total amount of fees to be awarded.

And, so, after considering all the relevant factors, the lodestar amount of $9,338.86 in fees should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) ("[T]he lodestar method yields a fee that is presumptively sufficient to achieve [the] objective … [of] engag[ing] a lawyer based on the statutory assurance that he will be paid a 'reasonable fee.'" (cleaned up)).

Without opposition, Plaintiff also seeks to recover the $405 filing fee, as costs under the EAJA.

By providing that "a judgment for costs, as enumerated in [28 U.S.C. § 1920] ... ***may*** be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action," 28 U.S.C. § 2412(a)(1) (emphasis added), "[t]he EAJA overrides the presumption in favor of awarding costs to a prevailing party. Instead, the court has discretion whether to tax costs against the United States," *Herman v. Pronto Courier Serv.*, No. 3:95-cv-1340-R, 1999 WL 325493, at *2 (N.D. Tex. May 10, 1999) (citation omitted).

Regardless, the Commissioner does not oppose this request, and the undersigned finds that the Court should exercise its discretion to grant it, as fees charged by the clerk are recoverable under Section 1920(1).

But the Court should not pay Plaintiff's counsel directly, as requested, and should instead make the EAJA award payable to Plaintiff via (and mailed to) her attorney of record. *See Maddox v. Comm'r of Soc. Sec. Admin.*, No. 3:22-cv-2829-BK, 2024 WL 7051313 (N.D. Tex. May 31, 2024) ("[T]he vast majority of courts in this Circuit which have addressed assignments similar to the one here have directed that the EAJA fee award be made payable to the claimant despite the assignment (and often despite the government's non-opposition to the relief sought)." (collecting cases)).

**Recommendation**

The Court should grant in part and deny in part Plaintiff's motion for attorneys' fees and costs under the Equal Access to Justice Act [Dkt. No. 28], award

Plaintiff $9,338.86 in attorneys' fees and $405 in costs under 28 U.S.C. §§ 2412(a)(1), (d), and order that the Commissioner make the check payable to Plaintiff but mail that check to Plaintiff's attorney.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE